UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STATE FARM TIRE AND CASUALTY COMPANY**, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case. No. 18-cv-654-TCK-FHM |
| (1) **ABERDEEN ENTERPRIZES II, INC.**; an Oklahoma Corporation; | ) ) ) | |
| (2) **JIM D. SHOFNER**; | ) | |
| (3) **RENITA SHOFNER**; | ) | |
| (4) **ROBERT SHOFNER**; | ) | |
| (5) **OKLAHOMA SHERIFFS' ASSOCIATION**; | ) ) | |
| (6) **MIKE WATERS**; | ) | |
| (7) **R.B. HAUF**; | ) | |
| (8) **HARLAN MOORE**; | ) | |
| (9) **MICHEAL BOOTH**; | ) | |
| (10) **SHANNON SMITH**; | ) | |
| (11) **TONY HEAD**; | ) | |
| (12) **CHRIS WEST**; | ) | |
| (13) **JIM WEIR**; | ) | |
| (14) **CLAY SANDER**; | ) | |
| (15) **BOBBY WHITTINGTON**; | ) | |
| (16) **ROGER LEVICK**; | ) | |
| (17) **CARLY GRAFF**; | ) | |
| (18) **RANDY FRAZIER**; | ) | |
| (19) **DAVID SMITH**; | ) | |
| (20) **KENDALLIA KILLMAN**; | ) | |
| (21) **LINDA MEACHUM**; | ) | |
| (22) **CHRISTOPHER CHOATE**; | ) | |
| (23) **IRA LEE WILKINS**; and | ) | |
| (24) **MELANIE HOLMES**. | ) | |
| **Defendants.** | | |

## OPINION AND ORDER

Before the Court are the (1) Motion to Stay (Doc. 35), filed by Defendants Aberdeen Enterprizes, II, Inc., Jim D Shofner, Renita Shofner, Robert Shofner, Oklahoma Sheriffs' Association, Mike Waters, R B Hauf, Harlan Moore, Michael Booth, Shannon Smith, Tony Head,

1

Chris West, Jim Weir, Clay Sander, Bobby Whittington, and Roger Levick ("Underlying Defendants'")[1] and (2) Motion for Leave to File Two Motions for Summary Judgment (Doc. 36), filed by Plaintiff State Farm Fire and Casualty Company ("State Farm"). For reasons discussed below, both motions are **DENIED**.

I.  **Factual Background**

Ira Lee Wilkins initially filed Case No. 17-cv-606 ("Underlying Action") in the Northern District of Oklahoma on November 2, 2017. The case was a putative class action against Underlying Defendants and others. After considerable motion practice, Ira Lee Wilkins, along with Carly Graff, Randy Frazier, David Smith, Kendallia Killman, Linda Meachum, Christopher Choate, and Melanie Holmes ("Underlying Plaintiffs") filed their Second Amended Complaint ("SAC") on September 21, 2018. The SAC is 102 pages and names sixty-six (66) defendants. In the SAC, Underlying Plaintiffs allege ten claims against varying combinations of the Underlying Defendants and other Defendants in the Underlying Action, including various statutory, constitutional, and common law claims. Working in groups, all Defendants in the Underlying Action have filed motions to dismiss, which are currently pending. The Court in the Underlying Action has delayed entering a scheduling order pending the resolution of several motions, including Underlying Defendants' motions to dismiss, and it does not appear that discovery is currently ongoing.

Underlying Defendants have demanded that State Farm pay for their defense in the Underlying Action, and indemnify them for monetary damages pursuant to State Farm Businessowners Insurance Policies 96-73-6754-7 and 96-B1-W299-2 ("Policies"). Additionally,

---

[1] Though Renita Shofner is not a Defendant in the Underlying Action, the Parties have included her with the other of the "Underlying Defendants," all of whom are defendants in the Underlying Action.

2

Aberdeen has made a demand on State Farm to indemnify it under the Policies for its defense and indemnity of at least fifty-four (54) of the defendants in the Underlying Action. State Farm is providing a defense to the Underlying Defendants in the Underlying Action subject to a reservation of rights, including the right to bring a declaratory judgment action. (Doc. 2; Doc. 37, pg. 6.) State Farm is also apparently paying the costs and expenses of Aberdeen's defense of the at least fifty-four (54) defendants in the Underlying Action. (Doc. 36, pg. 2.)

Finally, on December 17, 2018, State Farm brought the instant action against Underlying Defendants and Underlying Plaintiffs. It seeks declaratory judgment that the Policies do not provide coverage for the damages the Underlying Plaintiffs seek from the Underlying Defendants in the Underlying Action, and as such State Farm has no duty to defend or indemnify them. (Doc. 2.) Underlying Defendants and Underlying Plaintiffs have all filed Answers. (Docs. 13, 15, 20, and 30.)

## II. Motion to Stay (Doc. 35)

### A. Standard

Underlying Defendants request that the Court stay this case pending the resolution of the motions to dismiss in the Underlying Action. Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, the federal courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants," even when the suit otherwise satisfies subject matter jurisdictional prerequisites, and are therefore not required to entertain such a case. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-86 (1995). If the Court finds that it should not exercise jurisdiction over a declaratory judgment action, it must also consider whether Plaintiff's claims should be dismissed without prejudice or stayed. *See United States v. City of Las Cruces*,

289 F.3d 1170, 1192-93 (10th Cir. 2002). The Tenth Circuit has articulated several factors to guide district courts in their exercise of such substantial discretion:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

While *Mhoon* addressed a parallel state court proceeding, the policy undergirding these factors—clarifying and eliminating uncertainty from legal relations—apply equally to the parallel federal court proceeding, and other district courts have similarly applied *Mhoon* in such circumstances. *See, e.g.*, *Colony Ins. Co. v. Global Power Generation Serv. Corp.*, No. 17-cv-2690-EFM, 2018 U.S. Dist. LEXIS 137008, *16 (D. Kan. Aug. 14, 2018) (denying a motion to dismiss or stay a declaratory judgment action in a case with a parallel federal court action because the parties failed to address the *Mhoon* factors); *Firstline Sec., Inc. v. Alarm.com Inc.* (In re Firsline Sec. Inc.), 415 B.R. 553, 559-560 (D. Utah Apr. 2, 2009) (Court considered the *Mhoon* factors to stay the case pending the resolution of a motion in the underlying federal bankruptcy case).

In their Reply, Underlying Defendants contend for the first time that the *Mhoon* factors do not apply here.[2] Because this argument was raised for the first time on reply, and State Farm has

---

[2] Though Underlying Defendants' Motion to Stay refers only generally to the Court's discretion to stay an action, the briefing cites in support *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995), a case holding that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) (applied in the Tenth Circuit in *Mhoon*) governs declaratory judgment actions. Defendants also note that "[e]ntertainment of this declaratory judgment action *in the first place* remains within the Court's discretion" and "a determination of Plaintiff's indemnity obligations is premature." (Doc. 35, pg. 3, emphasis in original.) Though Underlying Defendants also cite *United Steel Workers v. Or. Steel Mills*, 322 F.3d 1222 (10th Cir. 2003), which articulates a slightly different test,

therefore not had a meaningful opportunity to respond, the Court finds it improper to consider this argument.³ *See United States v. Herget*, 585 F. App'x 948, 950-51 (10th Cir. 2014). Moreover, the Court notes that Underlying Defendants have failed to present a plausible alternative to the *Mhoon* factors—the test cited in their Reply appears to be based on the Court's power under Federal Rule of Civil Procedure("Rule") 26(c) to stay discovery pending its decision on a dispositive motion in the same case. As the relevant dispositive motions are not pending in this case, the test is inapplicable.

**B.     Analysis**

The first and second *Mhoon* factors do not support the Underlying Defendants' Motion to Stay. The instant action will clearly settle the controversy at issue, the scope of the Policies and State Farm's responsibilities towards all or any subset of the Underlying Defendants. Moreover, this question will not be decided in the Underlying Action—State Farm is not a party to the Underlying Action and will have no opportunity to raise it in that action. Similarly, State Farm's responsibilities under the Policies, including the ongoing obligation to defend the Underlying Defendants in the Underlying Action is an issue that should be decided quickly to avoid unnecessary expense, particularly in light of potentially voluminous discovery in the underlying case. A quick decision will also to allow Underlying Defendants to craft a litigation strategy absent uncertainty as to the outcome of the instant action. Because this action will fully resolve the issue

---

Underlying Defendants never argue that this test applies and it appears on its face that it does not, as the case did not occur under the Declaratory Judgment Act. Absent any argument supporting the application of this test, the Court cannot conclude that it applies.

³ State Farm appears to have included an assertion that *Mhoon* does apply to Underlying Defendants' Motion to Stay in its Reply in support of its Motion for Leave to File Two Motions for Summary Judgment (Doc. 40, pg. 6.) The discussion is short, in the briefing on a separate motion, and does not attempt to rebut Underlying Defendants' arguments. The Court does not consider this a response.

of insurance coverage between State Farm and the Underlying Defendants, and clarify the parties' legal relationship, these factors do not support the Underlying Defendants' Motion to Stay.

The third and fourth *Mhoon* factors do not apply in this case, as there is no evidence, and no contention, that State Farm filed this declaratory judgment action to receive a procedural advantage in other litigation or is engaging in a race to res judicata, and there is no pending state court litigation. The Court notes that there is no friction between the instant case and the Underlying Action, as State Farm will not be able to litigate their insurance coverage in the Underlying Action, and it appears that any factual overlap will be minimal.

The fifth *Mhoon* factor, however, does support the Underlying Defendants' Motion to Stay. Underlying Defendants contend that their proposed stay is a more effective remedy than the instant case proceeding, as the proposed stay supports judicial economy, and that State Farm will suffer no prejudice due to this stay. The consideration of judicial economy, especially in combination with limited prejudice to State Farm, supports Underlying Defendants' Motion to Stay.

However, considerations of judicial economy are not sufficient to outweigh the first and second *Mhoon* factors, and their considerations that State Farm's responsibilities under the Policies should be decided quickly, and can only be decided in this action. Declaratory judgment actions seeking determination of insurance coverage issues are frequently permitted to proceed even while the underlying litigation regarding liability is ongoing. *See, e.g.*, *State Farm Fire & Cas. Co. v. Telecomm Consultants, Inc.*, 757 F. App'x 726, 729-30 (10th Cir. 2018) (unpublished); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Additionally, though the Underlying Action is currently stayed, the detailed and complicated SAC, and the correspondingly detailed and complicated motions to dismiss leave open the substantial possibility that the Court will not resolve the motions to dismiss entirely in favor of one party or the other. If that does occur, a stay,

even a brief one, will have postponed a determination of State Farm's responsibilities under the Policy without conserving either the Parties' or the Court's resources. It is also likely that State Farm would have to bear at least some litigation costs in the Underlying Action while the Parties to this action engage in the motion practice necessary to conclude this action, which is of particular concern as the Underlying Action may involve voluminous discovery. Accordingly, the *Mhoon* factors weigh against Underlying Defendants' Motion to Stay.

As the ruling on this motion has taken some time, the Court will allow a thirty (30) day extension of discovery. An Amended Scheduling Order will be entered separately.

### III. Motion for Leave to File Two Motions for Summary Judgment (Doc. 36)

State Farm seeks to file two motions for summary judgment in the instant case. State Farm argues that the instant action presents two fundamentally distinct types of insurance coverage, only one of which requires discovery to resolve. Accordingly, it contends that addressing the claims in separate motions will allow for the prompt and orderly resolution of the insurance coverage issues presented, allow the Parties sufficient length to address all issues, identify factual issues that may require discovery, and streamline the issues before the Court. Underlying Defendants oppose this request, arguing that one dispositive motion best serves considerations of efficiency and economy.

Absent leave of the Court, each party may file only one motion for summary judgment. LCvR56.1(a). In this case, the Court is persuaded by Underlying Defendants' argument that considerations of efficiency and economy favor State Farm filing a single motion to dismiss, rather than "piecemeal consideration of successive motions for summary judgment." *L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1162 (D. Colo. Sept. 1, 2015) (internal citations omitted).

Further, the Rules and the Local Civil Rules ("LCvR") provide State Farm alternatives to filing two motions for summary judgment. For example, State Farm represents that "the question of coverage for certain claims will not require any discovery." (Doc. 36.) In such a case, where material facts are not in dispute and judgment on the merits can be achieved by reference to the pleadings, exhibits thereto, and any matters incorporated by reference or subject to judicial notice, State Farm may seek to resolve them by filing a motion for judgment on the pleadings pursuant to Rule 12(c). *See* 5C Fed. Prac. & Proc. Civ. § 1367 (3d. ed.) District Courts in this Circuit have allowed plaintiffs in declaratory judgment actions to file such motions. *See, e.g.*, *Stand v. Hudson Ins. Co*, No. 17-cv-0129-CVE-JFJ, 2017 U.S. Dist. LEXIS 181474 (N.D. Okla. Nov. 2, 2017); *Swepi, LP v. Mora County*, 81 F. Supp. 3d 1075 (D. N.M. Jan. 19, 2015). Similarly, should State Farm find that the page limit prescribed in LCvR 7.2(c) does not allow it to adequately brief the issues it seeks to raise on summary judgment, it may file a motion requesting additional length, pursuant to LCvR 7.2(k). In light of these alternatives, the Court sees no reason to depart from the standard practice of allowing each party to file only one motion for summary judgment.

IV.     **Conclusion**

For the reasons set forth above, the Court finds that Underlying Defendant' Motion to Stay (Doc. 35) is **DENIED** and State Farm's Motion for Leave to File Two Motions for Summary Judgment (Doc. 36) is **DENIED**.

**DATED THIS 1st day of August, 2019.**

**TERENCE C. KERN**
**United States District Judge**